UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GUADALUPE MARTINEZ, )
)
            Plaintiff, )   Case No.: 2:16-cv-02380-GMN-PAL
vs. )
)   **ORDER**
THE VONS COMPANIES, INC., )
)
            Defendant. )
)

      Pending before the Court is the Petition for Removal (ECF No. 1) filed by Defendant The Vons Companies, Inc. ("Defendant"). The Court issued an Order to Show Cause (ECF No. 5), to which Defendant filed a Statement regarding Removal (ECF No. 8) and a Response (ECF No. 9).

**I. BACKGROUND**

      On September 8, 2016, Plaintiff Guadalupe Martinez ("Plaintiff") filed a Complaint in Nevada state court asserting a claim of negligence against Defendant arising out of a slip and fall incident that occurred while Plaintiff was at Defendant's grocery store. (Compl. 2:18–3:2, Ex. A to Pet. for Removal, ECF No. 1). While walking down an aisle, Plaintiff alleges she encountered an unknown and unforeseen liquid on the floor that caused her to slip and fall. (*Id.* 3:1–2). Plaintiff alleges that the fall caused her severe and debilitating injuries. (*Id.*). In her complaint, Plaintiff requested general damages in excess of $10,000, special damages in excess of $10,000, cost of suit and attorneys' fees, and interest. (*Id.* 4:4–10).

      Plaintiff also filed a Petition for Exemption from Arbitration ("PEA"), claiming that the case involves an amount in excess of $50,000. (Pet. for Exemption from Arb. ("PEA") 1:20–22, Ex. D to Pet. for Removal, ECF No.1). In the PEA, Plaintiff includes her medical expenses totaling $34, 946.21 and asserts that she will "seek compensation for her past and future pain

and suffering, loss of household services, and loss of enjoyment of life," thereby exceeding $50,000 in damages. (*Id.* 2:8–23).

On October 12, 2016, Defendant removed the action to this Court asserting that this Court has original jurisdiction under 28 U.S.C. § 1332(a). (Pet. for Removal 3:4– 4:3, ECF No. 1). Specifically, Defendant asserts that Plaintiff is a resident of Nevada and that Defendant is a company organized and existing under the laws of the State of Michigan. (*Id.* 3:11–13). Defendant further asserts that "it is more likely than not that the amount in controversy will exceed $75,000." (*Id.* 3:16).

On October 17, 2016, after reviewing Defendant's Petition for Removal, the Court ordered Defendant to show cause as to why the case should not be remanded for lack of subject matter jurisdiction. (Order to Show Cause, ECF No. 5). Specifically, the Court requested that Defendant provide additional basis for its assertion that the case involved the requisite amount in controversy and that complete diversity exists. (*Id.*). Defendant then filed its Statement regarding Removal on November 1, 2016 (Statement of Removal, ECF No. 8), and its Response to the Order to Show Cause ("Response") on November 4, 2016 (Resp., ECF No. 9).

**II. LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citation omitted). For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Furthermore, a court may raise the question of subject matter jurisdiction *sua sponte* at any time during the action. Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

District courts have jurisdiction in two instances. First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331. Second,

district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

A defendant may remove an action to federal court only if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "Removal statutes are to be 'strictly construed' against removal jurisdiction. *Nevada v. Bank of America Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)). The party asserting federal jurisdiction bears the burden of overcoming the presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, federal courts must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (per curiam) (noting that "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold").

### III. DISCUSSION

Defendant based its removal of this action solely on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). First, the Court finds that Defendant satisfied the diversity of citizenship requirement. As alleged in the Complaint, Plaintiff is a citizen of Nevada. (Compl. 2:2–3). In its Response, Defendant stated it was incorporated in the State of Michigan and maintains its principal place of business in California. (Resp. 4:10–14). Therefore, complete diversity exists among the parties. (Pet. for Removal 3:11–13); *see Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Diversity jurisdiction under § 1332 requires complete diversity of citizenship, each of the plaintiffs must be a citizen of a different state than

each of the defendants").

Nevertheless, Defendant has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (holding that "where it is unclear or ambiguous from the face of a state-court complaint whether the amount in controversy is pled . . . we apply a preponderance of the evidence standard"). Defendant argues that "the amount in controversy can be easily reached" based on the following factors: (1) Plaintiff's $34, 946.21 in past medical costs; (2) her requests for general damages and attorneys' fees; (3) the PEA; and (4) Plaintiff's claim of permanent disability. (Statement for Removal 2:6–13). However, these assertions are too speculative to establish this Court's jurisdiction. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (noting that a "defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions").

First, Plaintiff's assertion of $34,946.21 in past medical costs is not evidence enough to assume that her other damages will more than double to reach the threshold amount. *See Martin v. Kroger*, No. 2:12-cv-01373-MMD, 2012 WL 5944748, at *2 (D. Nev. Nov. 27, 2012) (holding past medical damages of $43,488.09, along with unspecified future medical costs and general damages to be too speculative to establish the minimum statutory threshold); *see also Mack v. Wal-Mart Stores, Inc.*, No. 207-cv-0982-BES-RJJ, 2008 WL 394976, at *3 (D. Nev. Feb. 11, 2008) (holding that, despite a plaintiff's medical damages of $28,200, exemption from arbitration, and doctor's recommendation for future medical care, the defendant still could not establish federal jurisdiction without specifying future medical expenses). Similarly, a vague assertion regarding general damages is an insufficient basis for the Court to determine whether the case meets the amount in controversy. *See Ibarra*, 775 F.3d at 1197.

Next, Plaintiff's PEA is not dispositive as to whether the amount in controversy is sufficient for federal jurisdiction. *See, e.g.*, *Mack*, 2008 WL 394976, at *3. Rather, Plaintiff's

PEA only demonstrates that the total amount in controversy exceeds $50,000. *See Martin*, 2012 WL 5944748, at *2 (finding that a request for exemption from arbitration only indicated that additional unspecified damages sought by plaintiff were enough to place the amount in controversy above $50,000).

Additionally, neither party has indicated that attorneys' fees may be awarded in this case under a specific statute. "For a court to consider attorneys' fees in its calculation of the amount in controversy, the defendant must provide factual support for its argument that such fees should be considered." *McCaa v. Massachusetts Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1150 (D. Nev. 2004). Here, Defendant puts forth no factual basis for the Court's consideration of attorneys' fees in this case. Therefore, attorneys' fees will not be considered in determining the amount in controversy. *See McMahon v. Westgate Resorts, Inc.*, No. 2:13-cv-02304-GMN, 2014 WL 3721372, at *4 (D. Nev. July 24, 2014); *see also Singh v. Glenmark Phargenerics, Inc.*, No. 2:14-cv-154-GMN-CWH, 2014 WL 4231364, at *2 (D. Nev. Aug. 26, 2014) (denying a defendant's attempt to use plaintiff's request for attorneys' fees to establish amount in controversy because defendant did not provide evidence of an amount or any basis under which an award may have been warranted).

Finally, the Court is unconvinced by Defendant's argument that Plaintiff is claiming permanent disability simply because she has claimed past and future pain and suffering. (Pet. for Removal 3:1–2). Nowhere in her list of general damages does Plaintiff claim permanent disability. Defendant's conclusory assertion not only misrepresents Plaintiff's damages, but also only constitutes speculation about the extent of Plaintiff's injuries and how much she will ask for future compensation. *See Ibarra*, 775 F.3d at 1197. Accordingly, Defendant has failed to satisfy its burden to demonstrate by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. *See Guglielmino*, 506 F.3d at 699.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that this action is remanded to the Eighth Judicial District Court for the District of Nevada. The Clerk of the Court shall remand this case back to state court and thereafter close this Court's case.

**DATED** this <u>  30  </u> day of August, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court